**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 10-cv-01902-REB

TANGIE SABALA, on behalf of
I.E.S., a minor child,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

**ORDER REVERSING DISABILITY
DECISION AND REMANDING TO COMMISSIONER**

**Blackburn, J.**

    The matter before me is plaintiff's **Complaint** [#3][1] filed August 10, 2010, seeking review of the Commissioner's decision denying her minor child's claim for supplemental security income childhood disability benefits under Title XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I reverse and remand.

### I. FACTUAL AND PROCEDURAL BACKGROUND

    Plaintiff is the mother of I.E.S., a minor child, who is allegedly disabled as a result of congenital heart disease, hypoxic brain injury, and attention deficit hyperactivity disorder ("ADHD"). After plaintiff's application for supplemental security income

---

[1] "[#3]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

childhood disability benefits was denied, plaintiff requested a hearing before an administrative law judge. This hearing was held on November 8, 2007. At the time of the hearing, I.E.S. was 10 years old.

The ALJ found that I.E.S. was not disabled and therefore not entitled to supplemental security income childhood disability benefits. Although the medical evidence established that I.E.S.'s heart defects and history of hypoxic brain injury constituted severe impairments, the judge concluded that the severity of those impairments neither met nor medically equaled, nor were functionally equivalent to, any impairment listed in the social security regulations. At the same time, the ALJ determined that ADHD was not a severe impairment. He therefore found plaintiff not disabled at step three of the three-step sequential evaluation applicable to claims of childhood disability. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A child is disabled within the meaning of the Social Security Act only if he has a medically determinable physical and/or mental impairment which results in marked and severe functional limitations that can be expected to result in death or last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(C)(i). The Commissioner has established a three-step sequential evaluation process for determining whether a child is disabled:

> 1. The ALJ must first ascertain whether the child is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.
>
> 2. The ALJ must then determine whether the child's claimed

>    impairment or combination of impairments are "severe."  An
>    impairment is not considered "severe" if it is a slight
>    abnormality or a combination of slight abnormalities that
>    causes no more than minimal functional limitations.
>
> 3.  The ALJ must then determine if the impairment meets or
>    medically equals in severity certain impairments described in
>    Appendix 1 of the regulations.  Even if it is not, the ALJ also
>    must consider at this step whether the impairment is
>    functionally equivalent to a listed impairment.

20 C.F.R. § 416.924(b)-(d).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. *Hamilton v. Secretary of Health and Human Services*, 961 F.2d 1495, 1497-98 (10th Cir. 1992); *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990).  Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion.  *Brown*, 912 F.2d at 1196.  It requires more than a scintilla but less than a preponderance of the evidence.  *Hedstrom v. Sullivan*, 783 F.Supp. 553, 556 (D. Colo. 1992).  "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992).  Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence."  *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).  Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner.  *Id.*

### III.  LEGAL ANALYSIS

Plaintiff presents three arguments on appeal.  Because I find that the ALJ

committed legal error in failing to separately consider the criteria of medical equivalence from those of functional equivalence in addressing plaintiff's severe organic mental impairment, I decline to address the other issues presented. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the [administrative law judge's] treatment of the case on remand."); *accord Barthel, ex rel. T.M.B. v. Astrue*, 2009 WL 2476601 at *10 (W.D. Okla. Aug. 11, 2009).

As pertains to considering disability in children, the Commissioner's listing of impairments, 20 C.F.R. Pt. 404, subpt. P., app. 1, "describes impairments that cause marked and severe functional limitations." 20 C.F.R. § 416.925(a). With respect to each such impairment, the Commissioner has set forth specific medical and other criteria that will satisfy the listing. *Id.* § 416.925(c)(3). If the child's medically determinable impairment satisfies all the listed criteria, the child is presumptively disabled. *See id*. § 416.925(c)(4).

If the child's impairment does not meet all the requirements of a listing, however, the ALJ must consider whether the child's impairment is medically equivalent or, alternatively, functionally equivalent, to a listed impairment. *See id*. §§ 416.925(c)(5), 416.924(d). Medical equivalence may be found if the child's impairment "is at least equal in severity and duration to the criteria of any listed impairment." *Id.* § 416.926(a). The standards for determining medical equivalence refer back to the listing itself. *See id.* § 416.926(b). By contrast, functional equivalence, as the name suggests, requires consideration of the functional limitations caused by the child's impairment. *See id*. §

416.926a(a).

Section 112.02 of the listings describes criteria pertinent to organic mental disorders, that is, "[a]bnormalities in perception, cognition, affect, or behavior associated with dysfunction of the brain." 20 C.F.R. Pt. 404, subpt. P., app. 1, § 112.02. The listing is comprised of two parts, both of which must be satisfied. Part A requires medically documented proof of the persistence of at least one of ten delineated symptoms, *see id.* § 112.02(A),[2] resulting in "marked" impairment in at least two of the following areas: (1) cognitive/communicative functioning; (2) social functioning; (3) personal functioning; or (4) concentration, persistence, or pace, *see id.* § 112.02(B)(2). Functional equivalence may be found if the child's impairment results in a "marked" limitation in at least two of six specified domains of functioning, or "extreme" limitation in one domain.[3] 20 C.F.R. §

---

[2] These are:

> 1. Developmental arrest, delay or regression; or
> 2. Disorientation to time and place; or
> 3. Memory impairment, either short-term (inability to learn new information), intermediate, or long-term (inability to remember information that was known sometime in the past); or
> 4. Perceptual or thinking disturbance (e.g., hallucinations, delusions, illusions, or paranoid thinking); or
> 5. Disturbance in personality (e.g., apathy, hostility); or
> 6. Disturbance in mood (e.g., mania, depression); or
> 7. Emotional lability (e.g., sudden crying); or
> 8. Impairment of impulse control (e.g., disinhibited social behavior, explosive temper outbursts); or
> 9. Impairment of cognitive function, as measured by clinically timely standardized psychological testing; or
> 10. Disturbance of concentration, attention, or judgment.

20 C.F.R. Pt. 404, subpt. P, app. 1, § 112.02(A).

[3] A "marked" limitation in functioning will be found when the impairment

> interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities. [The child's] day-to-day functioning may be seriously limited when [his] impairment(s) limits only one activity or when the interactive and cumulative effects of [his] impairment(s) limit

416.926a(a) & (b)(1).[4]  **But see id.**

§ 416.925(b)(2)(ii) (noting that findings of marked or extreme limitations may not apply if listing being considered does not require such limitations to establish that impairment is disabling).

As is relevant here, although the medical and functional equivalence inquiries thus overlap to some extent, they are not completely coextensive.  More particularly, the Tenth Circuit has held that it is reversible error for the ALJ not to analyze functional and medical equivalence independently in the context of considering a claim for childhood disability benefits under section 112.02.  **Huffman v. Astrue**, 290 Fed. Appx. 87, 89 (10th Cir. July 11, 2008) (noting that "the Commissioner's rules for determining childhood disability claims explain that the six domains are specifically designed for determining functional equivalence and are completely delinked from the mental disorders and other listings") (quoting 65 Fed.Reg. 54746, 54755 (Sept. 11, 2000)).  **See also Smith ex rel E.S.D. v. Barnhart**, 157 Fed. Appx. 57, 64-65 (10th Cir. Dec. 5, 2005); **Barthel**, 2009 WL 2476601 at *9-10.

The ALJ's opinion is well documented and exquisitely detailed.  Unfortunately, in purporting to find that I.E.S.'s organic mental impairment was not medically equivalent

---

several activities.  "Marked" limitation also means a limitation that is "more than moderate" but "less than extreme."  It is the equivalent of the functioning we would expect to find on standardized testing with scores that are at least two, but less than three, standard deviations below the mean.

20 C.F.R. § 416.926a(e)(2)(i).  A a standardized test score that is three or more standard deviations below the mean would indicate an "extreme" limitation.  **See id.** § 416.926a(e)(3).

[4]  The domains of functioning are (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) self-care; and (6) health and physical well-being.  20 C.F.R. § 416.926a(b)(1)(i)-(vi).

to listing 112.02, he did not analyze that issue separately, but simply referenced his findings with respect to the six domains of functional equivalence. (*See* Tr. 32.) Nor did he mention the four categories of medical equivalence in the context of his discussion concerning the six domains used to determine functional equivalency. *See Huffman*, 290 Fed. Appx. at 89 (suggesting that error in failing to separately consider medical and functional equivalence might be harmless if ALJ had made such a reference). Such legal error renders this portion of his decision incapable of meaningful review, necessitating remand. *See id.*

## IV. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **REVERSED**;

2. That this case is **REMANDED** to the ALJ, who is directed to

   a. Reevaluate I.E.S.'s organic mental impairment for both medical and functional equivalence consistent with Tenth Circuit precedent and this order; and

   b. Undertake any further development of the record he may deem necessary to a full and fair evaluation of the claim; and

   c. Reassess the disability determination; and

3.  That plaintiff is **AWARDED** her costs, to be taxed by the Clerk of the Court pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1 and 28 U.S.C. § 2412(a)(1).

Dated September 28, 2011, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge