**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 10-cv-01902-REB

TANGIE SABALA, on behalf of I.E.S., a minor child,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

**ORDER GRANTING PLAINTIFF'S APPLICATION FOR AN AWARD
OF ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT**

**Blackburn, J.**

The matter before me is **Plaintiff's Application for an Award of Attorney's Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412** [#22][1] filed December 12, 2011.  I grant the motion.

In this case, plaintiff appealed the Commissioner's decision denying supplemental security income childhood disability benefits to her minor child, I.E.S., on several grounds. I found that the ALJ erred legally in failing to separately consider the criteria of medical equivalence from those of functional equivalence in addressing I.E.S.'s severe organic mental impairment. Thus, I reversed the disability determination and remanded to the Commissioner for further proceedings.

Plaintiff now seeks attorney fees pursuant to the Equal Access to Justice Act

---

[1] "[#22]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF).  I use this convention throughout this order and the orders entered in this case.

("EAJA"), which provides, in relevant part:

> a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action. . ., including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).[2] As interpreted by the Supreme Court, "substantially justified" means "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." **Pierce v. Underwood**, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988). Stated differently, the test is whether there is a "reasonable basis in both law and fact" for the Commissioner's position. **Id**., 108 S.Ct. at 2550; **Gilbert v. Shalala**, 45 F.3d 1391, 1394 (10th Cir.), **cert. denied**, 116 S.Ct. 49 (1995). Although the term "'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness," **Pierce**, 108 S.Ct. at 2550, "a position can be justified even though it is not correct, and we believe it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact," **id**. at 2550 n.2. For this reason, a finding that the Commissioner's position was not supported by substantial evidence does not necessarily lead to a finding that the Commissioner's position was not substantially justified. **Hadden v. Bowen**, 851 F.2d 1266, 1268-69 (10th Cir. 1988).

The Commissioner bears the burden of demonstrating that his position was

---

[2] The parties stipulate that plaintiff is a prevailing party for purposes of the EAJA. **See Shalala v. Schaefer**, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993) (party who secures remand to Commissioner under sentence four of 42 U.S.C. § 405(g) is a prevailing party).

substantially justified.  *Gilbert*, 45 F.3d at 1394.  I have discretion in determining whether this standard has been met.  *Pierce*, 108 S.Ct. at 2548-49; *Stephenson v. Shalala*, 846 F.Supp. 49, 50 (D. Kan. 1994).  In exercising discretion, I must consider the case "as an inclusive whole, rather than as atomized line items."  *Commissioner, Immigration and Naturalization Service v. Jean*, 496 U.S. 154, 162, 110 S.Ct. 2316, 2320, 110 L.Ed.2d 134 (1990).  "Being incorrect on one point does not translate into lacking substantial justification for one's litigation position during the entirety of a civil action."  *Jackson v. Chater*, 94 F.3d 274, 279-80 (7th Cir. 1996).

Although the Commissioner sets forth these legal precepts in his brief, he nevertheless fails to carry his burden of demonstrating that his position "during the entirety of the civil action" was substantially justified.  Rather, he has limited his arguments to the narrow issue on which remand was granted.  Moreover, he has done little more than simply disagree with my analysis of the prevailing law, including an exhaustive analysis of the Tenth Circuit's decision in *Huffman v. Astrue*, 290 Fed. Appx. 87, 89 (10th Cir. July 11, 2008), that was conspicuously and completely ignored in his opening brief.  Thus, the Commissioner has failed to sustain his burden of proof on the issue of substantial justification.  Accordingly, plaintiff is entitled to an award of attorney fees.

Plaintiff requests attorney fees in the amount of $4,523.77, including time expended in drafting the present motion and its reply.  The Commissioner presents no argument suggesting that the hourly rate requested by plaintiff's counsel or the total amount of time expended or fees requested are excessive or otherwise unreasonable.

Moreover, my own experience suggests that the fees requested are comparable to awards made under the EAJA in similar cases. Thus, plaintiff is entitled to the entirety of her requested fees.

Finally, plaintiff requests that the fees be assigned to her attorney, as contemplated by an assignment between them. The Tenth Circuit has held that the plain language, structure, and history of the EAJA preclude an award of fees to anyone other than the prevailing party herself. ***Manning v. Astrue***, 510 F.3d 1246, 1249-55 (10th Cir. 2007), ***cert. denied***, 129 S.Ct. 486 (2008). This precedent is binding on this court, and I perceive nothing in ***Astrue v. Ratliff***, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010), that allows me to contravene the plain holding of that precedent. Regardless of what arrangements plaintiff and the Commissioner may make between themselves about how payment is directed, the court cannot direct that the fee award be paid directly to plaintiff's attorney.

**THEREFORE, IT IS ORDERED** that **Plaintiff's Application for an Award of Attorney's Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412** [#22], filed December 12, 2011, is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. That plaintiff is **AWARDED** $4,523.77.00 in attorney fees, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A); and

2. That in all other respects, in particular plaintiff's request to have the fee award paid directly to her attorney, the motion is **DENIED**.

Dated January 18, 2012, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge

4